UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JOAQUIN FOY,

       Petitioner,

      v.

Hon. Warden B.R. JETT, et al., etc.,
POPE FRANCIS, OBAMA,
SAME SEX MARRIAGES (satan = lucifer),
and FREEMASONIC ILLUMINATI =
NEW WORLD ORDER, et al.,

       Respondents.

Civil No. 14-1518 (JNE/LIB)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on Petitioner's self-styled application for a writ of habeas corpus, brought under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the case be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

I.    **BACKGROUND**

Petitioner is an inmate at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"). His current petition does not explain the reason for his confinement.

---

[1]   Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

However, the recordkeeping system maintained by the federal judiciary known as "Case Management\Electronic Case Filing," ("CM/ECF"), shows that Petitioner has brought numerous prior actions in other federal district courts.  In one recent case filed in the Western District of Missouri, Foy v. Sanders, No. 13-3464-CW-W-JFM-P, the Court entered an order, (Order dated January 21, 2014; [Docket No. 3]), which sheds some light on Petitioner's current confinement.  That order indicates that Petitioner is confined pursuant to a civil commitment order entered on September 12, 2007, in the United States District Court for the Western District of Missouri in Case No. 05-3590-CV-S-RED.  Petitioner was civilly committed pursuant to 18 U.S.C. § 4246, which authorizes indefinite confinement, for the purpose of providing mental health care and treatment, for a prison inmate who suffers from a mental disease or defect that causes him to be dangerous to himself or others.

The order entered in No. 3464-CW-W-JFM-P further indicates (1) that Petitioner has received yearly psychological evaluations in accordance with 18 U.S.C. § 4247(e), and (2) that Petitioner has filed numerous prior habeas corpus petitions challenging his continuing confinement pursuant to § 4246.  The Missouri district court also pointed out in No. 3464-CW-W-JFM-P that the rulings in Petitioner's other recent cases show that he is still suffering from a mental disease or defect that requires him to be confined in an institution that can provide him with psychiatric medical care.

As noted above, Petitioner is currently being confined (and presumably treated) at FMC-Rochester.  His present habeas corpus petition appears to challenge his ongoing confinement pursuant to 18 U.S.C. § 4246.  However, the Court finds that this action must be summarily dismissed, because Petitioner has not presented any colorable claim for

relief.

## II. DISCUSSION

Petitioner's current habeas corpus petition is virtually incomprehensible. Even after diligently attempting to parse the intended meaning of Petitioner's submissions, (including the attachments to the petition, and a separate ten-page supplement, [Docket No. 3]), the Court cannot discern any possible grounds for granting Petitioner a writ of habeas corpus. Petitioner has not provided an intelligible explanation of the factual basis for his petition, nor has he offered any decipherable legal rationale for ordering his release.

Because Petitioner has not presented any arguable factual or legal grounds to grant him any relief under 28 U.S.C. § 2241 (or otherwise), the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.

Having determined that Petitioner's habeas corpus petition must be summarily dismissed, the Court will further recommend that his pending application to proceed in forma pauperis, (Docket No. 2), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed in forma pauperis,(Docket No. 2), be DENIED; and

    2.  This action be summarily DISMISSED.

Dated: May 27, 2014

                          s/Leo I. Brisbois
                          LEO I. BRISBOIS
                          United States Magistrate Judge

### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by June 10, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.