UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joaquin Foy,

      Petitioner,

v.                                                   Civil No. 14-cv-1518 (JNE/LIB)
                                                       ORDER
Warden B.R. Jett, et al.,

      Respondents.

---

      Petitioner Joaquin Foy is an inmate at the Federal Medical Center in Rochester, Minnesota. He is detained there under a civil commitment order entered in 2007 by the United States District Court for the Western District of Missouri in case No. 05-cv-3590-RED. *See* Order, *Foy v. Sanders*, No. 13-3464-(JFM) (W.D. Mo. Jan. 21, 2014), ECF No. 3. That commitment order, which was made pursuant to 18 U.S.C. § 4246, was summarily affirmed by the Eighth Circuit in 2008. *U.S. v. Foy*, No. 07-3633 (8th Cir. Aug. 27, 2008).

      Federal law provides that counsel or the legal guardian for a detainee who has been committed under 18 U.S.C. § 4246 may "at any time . . . file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged" on the ground that he no longer meets the criteria for commitment. 18 U.S.C. § 4247(h). That avenue for review, however, does not preclude a detainee committed under § 4246 "from establishing by writ of habeas corpus the illegality of his detention." *Id.* § 4247(g).

      Here, Foy takes the latter course. He initiated this action pro se by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 naming the warden of FMC-Rochester and others as respondents, ECF No. 1, along with an application to proceed in forma pauperis, ECF No. 2.

1

The matter is currently before the Court on a Report and Recommendation from the United States Magistrate Judge, who recommends that Foy's petition be summarily dismissed and his IFP application be denied. ECF No. 5. Foy timely objected to the Report and Recommendation, ECF No. 6, while the Respondents filed a brief response urging that it be adopted, ECF No. 7.

Foy's objection consists of a number of typed and handwritten pages, photocopies of articles, and excerpts from documents that appear to have been filed in other cases. It is clear that Foy is challenging his ongoing detention, but beyond that basic point, his petition and all of his supporting documents are difficult to decipher. Construing them liberally, the Court understands them to assert that his detention violates his Fifth Amendment right to due process, his Sixth Amendment and statutory rights to a speedy trial, and his Eighth Amendment right to be free from cruel and unusual punishment.

As the Magistrate Judge noted, the federal judiciary's CM/ECF system reveals that Foy has filed a number of habeas corpus petitions in other district courts challenging his detention. Those courts have already considered and rejected all of the bases for relief that Foy asserts here. *See, e.g.,* Order, *Foy v. Sanders*, No. 13-cv-3464 (JFM) (W.D. Mo. Jan. 21, 2014) (rejecting Foy's due process, equal protection, and speedy trial claims as meritless); *Foy v. Anderson*, No. 10-3274-CV-S-ODS-H, 2010 WL 4818309 (W.D. Mo. Nov. 22, 2010) (adopting Report and Recommendation at 2010 WL 4817379 finding Foy's speedy trial and Eighth Amendment claims meritless); *Foy v. Anderson*, No. 09-3320-CV-S-GAF-H, 2010 WL 68164 (W.D. Mo. Jan. 6, 2010) (adopting Report and Recommendation finding Foy's due process and speedy trial claims meritless); *Foy v. Anderson*, 2009 WL 4057145 (W.D. Mo. Nov. 23, 2009) (adopting

Report and Recommendation finding Foy's constitutional claims regarding his detention and involuntary medication meritless).

Twenty-eight U.S.C. § 2244(a) provides that

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

The Eighth Circuit has explained that, "[p]ursuant to section 2244(a)[,] a subsequent petition for habeas corpus may be dismissed if (1) the same ground presented in the subsequent petition was determined adversely to the petitioner on the prior petition, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent petition." *Sacco v. U.S. Parole Commission*, 639 F.2d 441, 442 (8th Cir. 1981).

The Court finds no grounds, claims, allegations, or arguments in Foy's petition that have not already been rejected on their merits by other district courts, and justice would not be served by considering them again here.  The Court therefore declines to entertain Foy's habeas petition.

Based on the files, records, and proceedings herein, and for the reasons discussed above,

IT IS ORDERED THAT:

1. Petitioner's Petition for a Writ of Habeas Corpus [ECF No. 1] is DENIED.

2. Petitioner's Application to Proceed In Forma Pauperis [ECF No. 2] is DENIED.

3. This action is SUMMARILY DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: June 25, 2014                               s/Joan N. Ericksen
                                                   JOAN N. ERICKSEN
                                                   United States District Judge