UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joaquin Foy,

      Petitioner,

v.                                                      No. 14-cv-1518 (JNE/LIB)
ORDER

Warden B.R. Jett, et al.,

      Respondents.

---

Petitioner Joaquin Foy is an inmate at the Federal Medical Center in Rochester, Minnesota under a civil commitment order that was entered in 2007 by the United States District Court for the Western District of Missouri and affirmed by the Eighth Circuit in 2008. Foy initiated this action pro se by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In an order that issued on June 26, 2014, the Court summarily dismissed Foy's petition because he presented "no grounds, claims, allegations, or arguments . . . that have not already been rejected on their merits by other district courts, and justice would not be served by considering them again here." ECF No. 8 at 3.

Foy subsequently filed a Notice of Appeal, and he has now moved to proceed in forma pauperis ("IFP") in that appeal. ECF No. 15. To qualify for IFP status on appeal, a party must submit financial information to demonstrate indigence. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a). Foy's filing indicates that he receives $15-20 in income each month and currently has $48.57 to his name. On the basis of those representations, the Court concludes that Foy is indigent.

However, even if the applicant is found to be indigent, IFP status should be denied if the appeal is "not taken in good faith." 28 U.S.C. § 1915(a)(3). In this context, good faith is judged

1

by an objective standard, rather than by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, an appeal is taken in good faith when it is not objectively frivolous, *id.*, and an appeal is objectively frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In his Notice of Appeal, Foy cites a number of civil rights statutes that are not cognizable in a § 2241 proceeding and asserts: that the Court failed to "look closely at the record to see that the [sic] were genuine material factual disputes"; that it "treated this case is [sic] a discriminatory-racist-partial-bias-prejudice manner as well as treating this pro se case (racial profiling) in a careless and perfunctory way"; that it "unconstitutionally and unlawfully and fraudulently and wrongfully denied this pro se religious-political prisoner of conscience a fair opportunity to be duly heard by way of a T.V. two-way video teleconference and fair-fact-finding and fair-evidentiary hearing befor [sic] a court room of spectators and onlooking citizens"; and that judges (U.S.) have committed high treason and sedition and are flagrantly guilty of participating and operating an [sic] fraudulent and rogue government called the U.S.A. = under satan's authority and will be destroyed in the rapture . . . ."

In this Notice of Appeal, as well as in the record on which the Court issued its June 26 order of summary dismissal, the Court can find no arguable basis either in law or fact for Foy's appeal. The Court will therefore certify that it is not taken in good faith and deny his application to proceed IFP on appeal.

Based on the files, records, and proceedings herein, and for the reasons discussed above,

IT IS ORDERED THAT:

1. IT IS CERTIFIED that Petitioner's appeal is not taken in good faith.

2. Petitioner's Application to Proceed In Forma Pauperis on Appeal [ECF No. 15] is DENIED.

Dated: July 30, 2014                              s/Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge